UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                          Case No. 10-24059-RAM

THE RAUL PUIG GROUP, P.A.,                                      Chapter 7

    Debtor.
_____/
DREW M DILLWORTH AS CHAPTER 7
TRUSTEE,

    Plaintiff,                                            Adv. Case No._____

-vs-

THE RELATED GROUP OF FLORIDA,

    Defendant.
_____/

## COMPLAINT FOR TURNOVER

Plaintiff, Drew M. Dillworth, trustee of the Chapter 7 Estate of The Raul Puig Group, P.A. (the "Trustee"), by and through undersigned counsel, files his "Complaint for Turnover" against The Related Group of Florida, and in support of the Complaint, the Trustee alleges as follows:

### Nature of Action, Jurisdiction and Venue

1. This adversary proceeding arises out of and relates to the chapter 7 case of The Raul Puig Group, P.A., Case No.10-24059-RAM, on the docket of this Court.

2. This is an adversary proceeding pursuant to 11 U.S.C. § 105(a) and § 542(a) and Federal Rules of Bankruptcy Procedure 7001 Section (1), *et seq.*, requesting turnover of assets of the bankruptcy estate.

3. The Court has jurisdiction over the subject matter of this adversary proceeding arising under Title 11 of the United States Code pursuant to 28

U.S.C. §§ 157 and 1334. This is a core proceeding as defined in 28 U.S.C. §§ 157.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1409.

### The Bankruptcy Case

5. On May 21st, 2010 (the "Petition Date") commenced the underlying bankruptcy case under Chapter 7 of the U.S. Bankruptcy Code.

### General Allegations

6. The Plaintiff sues the Defendant (The Related Group of Florida) to recover the Account Receivables identified herein. The Defendant is *sui juris*.

7. The Defendant hired the Debtor as an engineer consulting firm on real estate Projects ["Projects"] which were referenced in the Debtor's documents as:

   a. 03015.00          j. 98003.00
   b. 03019.00          k. 98003.02
   c. 96002.00          l. 98003.08
   d. 96002.03          m. 98003.10
   e. 96002.05          n. 98003.11
   f. 96002.15          o. 98003.12
   g. 96013.00          p. 98003.13
   h. 96013.06          q. 99017.00
   i. 96013.14

8. The accounting records and the testimony given by Raul Puig at the 341 Creditors Meeting of the Debtor revealed that the Defendant had Delinquent Account Receivable Invoices past due totaling the sum of $107,592.60 (the "**Account Receivables**") for the Project owed to the Debtor. Attached hereto is a copy of the Debtor's April 12th, 2010 A/R Aging Summary Report as Exhibit "A".

2

9. The Debtor's records in the possession of the Trustee do not reflect any payments made by the Defendant to the Debtor in satisfaction of the Account Receivables.

10. As matter of fact, Raul Puig's testimony at the Debtor's 341 Meeting of Creditors was that the Debtor never received payment for the out-standing debts (Accounts Receivables).

## COUNT I- TURNOVER OF ASSETS

11. The Trustee re-alleges paragraphs 1 through 10 as if fully set forth herein.

12. The Account Receivables are a debt owed to the Debtor and are matured, payable on demand, and/or payable on order.

13. The Defendant is in the possession, custody, and control over the proceeds of the Account Receivables.

14. The Account Receivables are property of the bankruptcy estate as provided by 11.U.S.C. § 541(a).

15. The Account Receivables are of sufficient value to be beneficial to the bankruptcy estate and its unsecured creditors.

16. The balance of the Account Receivables totals no less than $107,592.60, plus statutory interest.

17. Demand is herein made for payment and/or turnover of the Account Receivables balance plus interest.

18. Pursuant to 11 U.S.C. § 542 (a), the Defendant is required to turnover to the bankruptcy estate the Account Receivables, Proceeds thereof or the cash values, thereof.

**WHEREFORE**, the Plaintiff, Drew M. Dillworth, requests that judgment be entered against the Defendant and in favor of the Plaintiff (1) finding that the Account Receivables are property of the bankruptcy estate; (2) directing the Defendant to turnover to the bankruptcy estate the balance of the Account Receivables or to pay the $107,592.60 cash value of same; (3) directing the Defendant to pay reasonable attorney's fees, costs, and pre-judgment interest calculated from the date of the Account

Receivables; and (4) granting such other and further relief as the Court deems just and proper.

### COUNT II- MONEY LENT

19. The Trustee re-alleges paragraphs 1 through 10 as if fully set forth herein.
20. The Defendant owes the Debtor $107,592.60 that is due with interest, for money lent by Debtor to Defendant.
21. Pursuant to Florida common law, a judgment shall be entered in favor of the Plaintiff and against the Defendant in the amount of $107,592.60 plus interest for money lent.

**WHEREFORE**, the Plaintiff, Drew M. Dillworth, requests that judgment be entered against the Defendant and in favor of the Plaintiff (1) finding that the Defendant owes the Plaintiff the sum of $107,592.60 for money lent; (2) directing the Defendant to pay to the bankruptcy estate the sum of $107,592.60; (3) directing the Defendant to pay reasonable attorney's fees, cost, and pre-judgment interest calculated from the date of the Account Receivables; and (4) granting such other and further relief as the Court deems just and proper.

### COUNT III- UNJUST ENRICHMENT

22. The Trustee re-alleges paragraphs 1 through 10 as if fully set forth herein.
23. The Debtor loaned $107,592.60 to the Defendant.
24. The Debtor did not provide services, as reflected in the Account Receivables gratuitously, and the Defendant had knowledge of this fact.
25. The Defendant has been unjustly enriched by receiving the Account Receivables valued at $107,592.60 which amount continues to accrue interest, without paying for them.

**WHEREFORE**, the Trustee demands judgment for damages against the Defendants for the reasonable value of the Account Receivables, interest and costs,

including a reasonable attorney's fee, and for any other relief as this Court may deem appropriate.

### Certificate of Admissions

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1(A).

Respectfully submitted,

        JAMES B. MILLER, P.A.
        Trustee's Counsel
        19 West Flagler Street, Suite 416
        Miami, Florida 33130
        Telephone: (305) 374-0200
        Facsimile: (305) 374-0250

By: _____/s/_____
      JAMES B. MILLER, ESQ.
      Fla. Bar No. 0009164

| Aged Accounts Receivable | | | Aged as of 4/12/2010 | | | April 12, 2010 - 9:59 AM |
|---|---|---|---|---|---|---|
| | | | | Past Due | | |
| Invoice | Date | Balance | Current | 31 - 60 | 61 - 90 | Over 90 |

**Client: RELATED** — THE RELATED GROUP OF FLORIDA  
RELATED COMPANIES  
315 S BISCAYNE BLVD.  
3RD FLOOR  
MIAMI FL 33131  

Contact: MR. ROBERTO ROCHA  
Phone: 460-9900 CECILIAX 131   Fax: 460-9911  
EMail: OLMOS 305 586-6884.960-1966.F 379-2006  

**03015.00    RELATED YC B.B.II THE MARK INSPECTIONS / SANTAMARIA**

| Invoice | Date | Balance | | | | Over 90 |
|---|---|---|---|---|---|---|
| 0004073 | 7/31/03 | 720.25 | | | | 720.25 |
| 0004100 | 8/21/03 | 980.00 | | | | 980.00 |
| 0004122 | 10/1/03 | 274.30 | | | | 274.30 |
| 0004138 | 10/24/03 | 1,714.30 | | | | 1,714.30 |
| | Project Totals | 3,688.85 | | | | 3,688.85 |

Last Receipt: 42.45 on 1/5/04 for Invoice 0004172

**03019.00    RELATED Y,C,B,II UPLIFT CALCULATIONS FOR / SANTAMARIA**

| Invoice | Date | Balance | | | | Over 90 |
|---|---|---|---|---|---|---|
| 0004128 | 10/6/03 | 3,440.00 | | | | 3,440.00 |
| | Project Totals | 3,440.00 | | | | 3,440.00 |

**96002.00    COHEN YACHT CLUB AT B**

| Invoice | Date | Balance | | | | Over 90 |
|---|---|---|---|---|---|---|
| 0002102 | 12/11/97 | 4,138.50 | | | | 4,138.50 |
| 0002142 | 1/27/98 | 1,650.00 | | | | 1,650.00 |
| | Project Totals | 5,788.50 | | | | 5,788.50 |

Last Receipt: 12.25 on 2/10/99 for Invoice 0002476

**96002.03    Y CLUB BRICKELL VALUE ENG**

| Invoice | Date | Balance | | | | Over 90 |
|---|---|---|---|---|---|---|
| 0001698 | 11/30/01 | 5,200.00 | | | | 5,200.00 |
| | Project Totals | 5,200.00 | | | | 5,200.00 |

Last Receipt: 2,200.00 on 8/4/99 for Invoice 0001698

**96002.05    THE YACHT CLUB @ BRICKELL THRESHOLD INSP**

| Invoice | Date | Balance | | | | Over 90 |
|---|---|---|---|---|---|---|
| 0002201 | 3/18/98 | 5,620.00 | | | | 5,620.00 |
| 0002231 | 4/23/98 | 3,594.43 | | | | 3,594.43 |
| 0002259 | 5/20/98 | 360.00 | | | | 360.00 |
| 0002318 | 7/10/98 | 28.80 | | | | 28.80 |
| | Project Totals | 9,603.23 | | | | 9,603.23 |

Last Receipt: 1,970.00 on 5/19/98 for Invoice 0002201

**96002.15    YC B SLAB RECESS AT POOL**

| Invoice | Date | Balance | | | | Over 90 |
|---|---|---|---|---|---|---|
| 0002167 | 2/13/98 | 2,640.00 | | | | 2,640.00 |
| | Project Totals | 2,640.00 | | | | 2,640.00 |

**Project 96002 Totals        23,231.73                                23,231.73**

**96013.00    COHEN Y CLUB @ PORTFOFINO**

| Invoice | Date | Balance | | | | Over 90 |
|---|---|---|---|---|---|---|
| 0002298 | 11/17/98 | 1,420.00 | | | | 1,420.00 |
| 0002355 | 8/25/98 | 937.50 | | | | 937.50 |
| 0003167 | 11/7/00 | 424.52 | | | | 424.52 |


EXHIBIT "A"

| Aged Accounts Receivable | | | Aged as of 4/12/2010 | | | April 12, 2010 - 9:59 AM |
|---|---|---|---|---|---|---|
| | | | | Past Due | | |
| Invoice | Date | Balance | Current | 31 - 60 | 61 - 90 | Over 90 |

**Client: RELATED** — THE RELATED GROUP OF FLORIDA — Contact: MR. ROBERTO ROCHA
RELATED COMPANIES
315 S BISCAYNE BLVD.
3RD FLOOR
MIAMI FL 33131
Phone: 460-9900 CECILIAX 131   Fax: 460-9911
EMail: OLMOS 305 586-6884.960-1966.F 379-2006

| Invoice | Date | Balance | Current | 31-60 | 61-90 | Over 90 |
|---|---|---|---|---|---|---|
| **96013.00** | COHEN Y CLUB @ PORTFOFINO | | | | | |
| | Project Totals | 2,782.02 | | | | 2,782.02 |
| | Last Receipt: 57.06 on 10/10/00 for Invoice 0003111 | | | | | |
| **96013.06** | YC PORTOFINO 32-33 ROOF | | | | | |
| 0002156 | 2/2/98 | 3,240.00 | | | | 3,240.00 |
| 0002188 | 3/5/98 | 4,360.00 | | | | 4,360.00 |
| | Project Totals | 7,600.00 | | | | 7,600.00 |
| | Last Receipt: 10.00 on 4/27/98 for Invoice 0002175 | | | | | |
| **96013.14** | YC PORTOFINO REV AT POOL | | | | | |
| 0002299 | 6/29/98 | 5,400.00 | | | | 5,400.00 |
| | Project Totals | 5,400.00 | | | | 5,400.00 |
| **Project 96013 Totals** | | **15,782.02** | | | | **15,782.02** |
| **98003.00** | YACHT CLUB AT BRICKELL II | | | | | |
| 0003049 | 11/30/01 | 462.00 | | | | 462.00 |
| 0003204 | 12/18/00 | 1,650.00 | | | | 1,650.00 |
| | Project Totals | 2,112.00 | | | | 2,112.00 |
| | Last Receipt: 173.50 on 5/27/03 for Invoice 0003863 | | | | | |
| **98003.02** | YC BRICKELL II RAISED PILE CAP ELEVATION | | | | | |
| 0002532 | 3/24/99 | 2,200.00 | | | | 2,200.00 |
| | Project Totals | 2,200.00 | | | | 2,200.00 |
| **98003.08** | YC BRICKELL II REMEDIAL WK / SANTAMARIA | | | | | |
| 0003347 | 5/3/01 | 10,200.00 | | | | 10,200.00 |
| | Project Totals | 10,200.00 | | | | 10,200.00 |
| **98003.10** | YC BRICKELL II COOLING TOWE / SANTAMARIA | | | | | |
| 0002984 | 11/30/01 | 1,744.00 | | | | 1,744.00 |
| | Project Totals | 1,744.00 | | | | 1,744.00 |
| | Last Receipt: 56.00 on 10/10/00 for Invoice 0002984 | | | | | |
| **98003.11** | BR II REMEDIAL@ ROOF RFI 282 / LAMBOGLIA | | | | | |
| 0003024 | 7/11/00 | 830.00 | | | | 830.00 |
| | Project Totals | 830.00 | | | | 830.00 |
| **98003.12** | REMEDIAL BMS MB5/6 RFI 292 / LAMBOGLIA | | | | | |
| 0003025 | 7/11/00 | 4,250.00 | | | | 4,250.00 |
| | Project Totals | 4,250.00 | | | | 4,250.00 |
| **98003.13** | BRICKELL II POOL BEAMS / LAMBOGLIA | | | | | |
| 0003008 | 6/29/00 | 2,370.00 | | | | 2,370.00 |

| Aged Accounts Receivable | | | Aged as of 4/12/2010 | | April 12, 2010 - 9:59 AM | |
|---|---|---|---|---|---|---|
| | | | | Past Due | | |
| Invoice | Date | Balance | Current | 31 - 60 | 61 - 90 | Over 90 |

**Client: RELATED**    THE RELATED GROUP OF FLORIDA    Contact: MR. ROBERTO ROCHA
RELATED COMPANIES    Phone: 460-9900 CECILIA X 131    Fax: 460-9911
315 S BISCAYNE BLVD.    EMail: OLMOS 305 588-6884.960-1966.F 379-2008
3RD FLOOR
MIAMI FL 33131

| | | | | | | |
|---|---|---|---|---|---|---|
| 98003.13 | BRICKELL II POOL BEAMS / LAMBOGLIA | | | | | |
| | Project Totals | 2,370.00 | | | | 2,370.00 |
| Project 98003 Totals | | 23,706.00 | | | | 23,706.00 |
| 99017.00 | YC BRICKELL II CANOPY FRAMING DESIGN | | | | | |
| 0002716 | 10/5/99 | 7,800.00 | | | | 7,800.00 |
| | Project Totals | 7,800.00 | | | | 7,800.00 |
| Totals for THE RELATED GROUP OF FLORIDA | | 77,648.60 | | | | 77,648.60 |

| Aged Accounts Receivable | | | Aged as of 4/12/2010 | | | April 12, 2010 - 9:59 AM |
|---|---|---|---|---|---|---|
| | | | | Past Due | | |
| Invoice | Date | Balance | Current | 31 - 60 | 61 - 90 | Over 90 |

**Client: THE RELAT** — THE RELATED GROUP OF FLORIDA  Contact:
THE RELATED GROUP OF FLORIDA  Phone: 305 460 9900  Fax
315 S. BISCAYNE BLVD  EMail:
3RD FLOOR
ATTN: MR RICARDO VADIA
MIAMI FL 33131

**05013.00**     THE RELATED MARK BALCONY REPAIR / PEREZ

| Invoice | Date | Balance | Current | 31-60 | 61-90 | Over 90 |
|---|---|---|---|---|---|---|
| 0004939 | 6/30/06 | 624.00 | | | | 624.00 |
| 0004952 | 1/5/07 | 1,508.00 | | | | 1,508.00 |
| 0004982 | 7/31/06 | 312.00 | | | | 312.00 |
| 0005047 | 9/29/06 | 572.00 | | | | 572.00 |
| 0005067 | 10/27/06 | 1,092.00 | | | | 1,092.00 |
| 0005104 | 11/29/06 | 1,040.00 | | | | 1,040.00 |
| 0005140 | 12/15/06 | 416.00 | | | | 416.00 |
| 0005170 | 2/6/07 | 24,380.00 | | | | 24,380.00 |
| | **Project Totals** | **29,944.00** | | | | 29,944.00 |

Last Receipt: -238.86 on 1/5/07 for Invoice 0004952

Totals for THE RELATED GROUP OF FLORIDA     29,944.00     29,944.00