**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**(MIAMI DIVISION)**

In re                                      CASE NO. 10-24059-RAM
                                                CHAPTER 7

THE RAUL PUIG GROUP, P.A.

      Debtor.

_____/

DREW DILLWORTH, Chapter 7 Trustee         ADVERSARY CASE NO. 12-01394-RAM

      Plaintiff,

v.

THE     RELATED     GROUP     OF
FLORIDA,

      Defendant,

_____/

**THE RELATED GROUP'S MOTION TO DISMISS**

      Pursuant to Federal Rule of Civil Procedure 12(b)(6) by way of Bankruptcy Rule 7012, Defendant The Related Group f/k/a The Related Group of Florida ("Related") moves to dismiss this, Trustee Drew Dillworth's ("Trustee"), adversary proceeding for failure to state a claim upon which relief may be granted, and states:

**I. SUMMARY.**

      Simply because a bankruptcy trustee invokes the Bankruptcy Code, styles his adversary as one for "turnover," and declares the object of his lawsuit "property of the bankruptcy estate" does not make it so. In this adversary, the Trustee raises § 542(a) of the Bankruptcy Code as a basis for his "turnover" action. Yet, the Trustee seeks to recover monies from alleged obligations based on written instruments the majority of which predate the underlying bankruptcy by more than five years. Simply put, under any theory extrapolated from its allegations, this adversary is

1

PDF created with pdfFactory trial version www.pdffactory.com

time-barred with respect to the invoices identified herein below. Any cause of action the Trustee may have inherited from the Debtor on these alleged obligations expired before the commencement of the bankruptcy proceeding.

In addition to being time-barred, each of the Trustee's three counts fail to state a cause of action upon which relief may be granted.[1] First, in Count I, the Trustee conflates the character of what he seeks with what he must plead under § 542(a) of the Bankruptcy Code. This ruse is unavailing as it is clear that the Trustee actually seeks to liquidate disputed contract claims, subject matter inappropriate for turnover proceedings. In this way, the Trustee fails to state a cause of action upon which relief may be granted. Because amendment is an exercise in futility, the Trustee's cause for "turnover" should be dismissed with prejudice. Second, in Count II, the Trustee fails to allege a single element of "money lent." Further, as with Count I, Count II is fatally flawed because no set of facts support the existence of a loan transaction between the Debtor and Related. Finally, in Count III for "unjust enrichment," the Trustee fails to allege that he has no adequate remedy at law–an allegation required under Florida law. Therefore, Count III too fails for failure to state a claim.

## I. INTRODUCTION AND RELEVANT FACTS

On May 21, 2010 ("Petition Date"), The Raul Puig Group, P.A. ("Debtor"), sought protection under Chapter 7 of the Bankruptcy Code. Nearly two years later, on May 15, 2012, the Trustee initiated this and ten other adversaries in a last ditch effort to recover monies for the estate. In *this* adversary, the Trustee seeks to recover money from Related on alleged "Delinquent Account Receivable Invoices" that derive from engineering services allegedly

---

[1] The Trustee sues for (a) Turnover of Assets; (b) Money Lent; and (c) Unjust Enrichment. (ECF 1, pp. 3-4)

PDF created with pdfFactory trial version www.pdffactory.com

provided by the Debtor.[2] However, twenty-eight of the thirty-six invoices sued upon–constituting over seventy percent of the Trustee's monetary claim–pre-date the Petition Date by at least five years ("Invoices"). Specifically, the Complaint's only exhibit–"Debtor's April 12th, 2010 A/R Aging Summary Report"–reflects that the Invoices were issued as follows:

- $720.25, invoiced:    July 31, **2003**    (6 years, 10 mos. pre-petition)
- $980.00, invoiced:    August 21, **2003**    (6 years, 9 mo. pre-petition)
- $274.30, invoiced:    October 1, **2003**    (6 years, 7 mos. pre-petition)
- $1,714.30, invoiced:    October 24, **2003**    (6 years, 7 mos. pre-petition)
- $3,440.00, invoiced:    October 5, **2003**    (6 years, 7 mos. pre-petition)
- $4,138.50, invoiced:    December 11, **1997**    (12 years, 8 mos. pre-petition)
- $1,650.00, invoiced:    January 27, **1998**    (11 years, 9 mos. pre-petition)
- $5,200.00, invoiced:    November 30, **2001**    (8 years, 6 mos. pre-petition)
- $5,620.00, invoiced:    March 18, **1998**    (12 years, 2 mo. pre-petition)
- $3,594.43, invoiced:    April 23, **1998**    (12 years, 1 mos. pre-petition)
- $360.00, invoiced:    May 20, **1998**    (12 years, 0 mos. pre-petition)
- $28.80, invoiced:    July 10, **1998**    (11 years, 10 mos. pre-petition)
- $2,640.00, invoiced:    February 13, **1998**    (12 years, 3 mos. pre-petition)
- $1,420.00, invoiced:    November 17, **1998**    (11 years, 6 mos. pre-petition)
- $937.50, invoiced:    August 25, **1998**    (11 years, 9 mos. pre-petition)
- $424.52, invoiced:    November 7, **2000**    (9 years, 6 mos. pre-petition)
- $3,240.00, invoiced:    February 2, **1998**    (12 years, 3 mos. pre-petition)
- $4,360.00, invoiced:    March 5, **1998**    (12 years, 2 mos. pre-petition)
- $5,400.00, invoiced:    June 29, **1998**    (11 years, 11 mos. pre-petition)
- $462.00, invoiced:    November 30, **2001**    (8 years, 6 mos. pre-petition)
- $1,650.00, invoiced:    December 18, **2000**    (9 years, 5 mos. pre-petition)
- $2,200.00, invoiced:    March 24, **1999**    (11 years, 2 mos. pre-petition)
- $10,200.00, invoiced:    May 3, **2001**    (9 years, 1 mo. pre-petition)
- $1,744.00, invoiced:    November 30, **2001**    (8 years, 6 mos. pre-petition)
- $830.00, invoiced:    July 11, **2000**    (9 years, 10 mos. pre-petition)
- $4,250.00, invoiced:    July 11, **2000**    (9 years, 10 mos. pre-petition)
- $2,370.00, invoiced:    June 29, **2000**    (9 years, 11 mos. pre-petition)
- $7,800.00, invoiced:    October 5,  **1999**    (10 years, 7 mos. pre-petition)[3]

It is definitively ascertainable from this exhibit, the Trustee's allegations, and the applicable law, that the Trustee's claims on the Invoices are time-barred, and should be dismissed with prejudice.

---

[2] *See* ECF 1, ¶¶7-8.

[3] *See* ECF 1, Exhibit "A."

PDF created with pdfFactory trial version www.pdffactory.com

## II. MEMORANDUM OF LAW AND ARGUMENT

The filing of a bankruptcy petition causes the instantaneous generation of an estate consisting of the debtors legal and equitable interests.[4] Estate property includes anything of value a **debtor possesses or could claim**,[5] which "includes any causes of action the **debtor may bring**."[6] A trustee's right to marshal estate assets is therefore limited to the rights held by the debtor immediately before commencement of the bankruptcy case.[7] Where, as here, a debtor's causes of action expire pre-petition, so too are the trustee's causes of action time-barred. Further, where a trustee fails to plead appropriate grounds for relief, those claims must be dismissed.

### A.  12(B)(6) STANDARD.

It is well-settled that a motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint's allegations. The Court must accept well-pleaded facts as true and draw reasonable inferences in favor of the non-moving party.[8] "However, conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal."[9] In order to state a claim for relief, something more than

---

[4] 11 U.S.C. § 541; *In re Matthews,* 380 B.R. 602, 605 (Bankr. M.D. Fla. March 28, 2007); *In re American Way Service Corp.,* 229 B.R. 496, 535 (Bankr. S.D. Fla. 1999)

[5] *See In re Holywell Corp.,* 913 F.2d 873, 881 (11th Cir. Oct. 2, 1990)

[6] *Official Comm. of Unsecured Creditors of PSA, Inc. v. Edwards,* 437 F.3d 1145, 1149 (11th Cir. Jan. 30, 2006)(emphasis supplied)(quoting *Official Comm. of Unsecured Creditors v. R.F. Lafferty & Co.,* 267 F.3d 340, 356 (3d Cir. Oct. 9, 2001)

[7] Id. at 1149 (citing *O'Halloran v. First Union Nat'l Bank of Fla.,* 350 F.3d 1197 (11th Cir. Nov. 14, 2003)

[8] *See Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. Sept. 3, 1999)(citing Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. May 11, 1998)

[9] *Oxford Asset Mgmt., Ltd. v. Jaharis,* 297 F.3d 1182, 1188 (11th Cir. July 16, 2002)

4

PDF created with pdfFactory trial version www.pdffactory.com

> the mere possibility" of a claim must be alleged "lest a plaintiff with 'a largely groundless claim' be allowed to 'take up time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value.[10]

In accord with this principle, a lawsuit is properly disposed of on the basis of an affirmative defense raised in a motion to dismiss if

> the facts that establish the defense [are] definitively ascertainable from the allegations of the complaint, the documents (if any) incorporated therein, matters of public record, and other matters of which the court may take judicial notice [and] the facts so gleaned must conclusively establish the affirmative defense.[11]

Where a plaintiff is unable to state a cause of action and further leave to amend the complaint is futile, claims should be dismissed with prejudice.[12]

Such is the case *sub judice*. Without question, the allegations in the Complaint–coupled with its exhibit and the applicable law–definitively establish that the Trustee's claims based on the Invoices are time-barred. Moreover, there is no set of facts that may be drawn from the Complaint that support the Trustee's claims for "turnover" under § 542 of the Bankruptcy Code or for "money lent." Those claims must therefore be dismissed with prejudice. Finally, within the Trustee's "unjust enrichment count," the Trustee fails to plead that he lacks an adequate remedy at law, and therefore, that claim should also be disposed of on this motion to dismiss.

---

[10] *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1966 (U.S. May 21, 2007)(abrogating *Conley v. Gibson,* 355 U.S. 41 (U.S. Nov. 19, 1957)(additional internal citations omitted)

[11] *Man v. Kendall Props. & Invs., LLC (In re AS Mgmt. Servs., Inc.)*, 2007 WL 2377082 at *6 (Bankr. S.D. Fla. Aug. 16, 2007)(emphasis supplied)(quoting *Banco Santander De Puerto Rico v. LOPEZ–STUBBE (In re Colonial Mortgage Bankers Corp.)*, 324 F.3d 12, 16 (1st Cir. March 26, 2003))

[12] *Anderson v. Vanguard Car Rental USA Inc.*, 304 Fed. Appx. 830, 831-32 (11th Cir. Dec. 23, 2008)

PDF created with pdfFactory trial version www.pdffactory.com

**B. APPLICATION OF FLORIDA'S LIMITATIONS PERIOD.**

The Trustee alleges that this

> Court has jurisdiction over the subject matter of this adversary proceeding arising under Title 11 of the United States Code pursuant to **28 U.S.C. §§** 157 and **1334** [because] [t]his is a core proceeding…[13]

When traveling under "the grant of jurisdiction in 28 U.S.C. § 1334 covering civil actions related to bankruptcy proceedings," federal courts "employ the forum state's choice of law doctrines where the underlying rights and obligations are defined by state law."[14]

Florida law applies in this instance. First, the bankruptcy was filed in the Southern District of Florida. Second, the Debtor is a Florida entity,[15] its residence and primary place of business is Miami-Dade County, Florida,[16] and its principal assets are located in Miami-Dade County.[17] Third, the projects that are the subject of the Debtor's alleged services, from which Related's alleged obligations arise, are located in Miami-Dade County, Florida.[18] There is no question that Florida law applies to the Trustee's causes of action.

---

[13] (ECF 1, ¶ 3 (emphasis supplied))

[14] *Official Comm. of Unsecured Creditors v. Donaldson, Lufkin & Jenrette Sec. Corp.,* No. 00 Civ. 8688 (WHP), 2002 WL 362794 at *5 (S.D.N.Y. Mar. 6, 2002); *see also In re Deer Creek Prod., Inc.,* 325 B.R. 913, 916 (S.D. Fla. 2005)

[15] *See* Florida Secretary of State Printout attached as Exhibit "1."

[16] S*ee* Chapter 7 Bankruptcy Case No. 10-24059-RAM, ECF 1, p. 1.

[17] *See* Id.

[18] The projects referenced in Exhibit "A" (e.g. The Yacht Club at Brickell and The Yacht Club at Portofino) are located in Miami-Dade County, Florida.

6

1.  **The Limitations Periods Provided in Florida Statute § 95.11 Bar the Trustee's Claims as to the Invoices.**

From the face of the Complaint, it is plain that all three of the Trustee's causes based on the Invoices are barred by Florida statute of limitations.

a.  **<u>Count I for Turnover</u>**

As a preliminary matter, it is necessary to address the Trustee's thinly-veiled attempt to skirt Florida's limitations period by styling Count I as a cause for turnover of estate assets under Bankruptcy Code § 542(a). Notwithstanding its title, Count is–baldly–an action for damages on allegedly "Delinquent Account Receivable Invoices."[19] To be sure, the Trustee does not seek to recover the accounts themselves, but seeks to recover on Related's alleged obligations to the Debtor, the demand for which was allegedly made through the "Delinquent Account Receivable Invoices." Given Count I's true nature, Florida's statute of limitations operates as an absolute bar the Trustee's "turnover" claims based on the Invoices.

Under Florida law, "[a] legal or equitable action on a contract, **obligation**, or **liability founded on a written instrument**…" must be commenced within five years.[20] "[T]he time within which an action shall be begun under any statute of limitations runs from the time the cause of action accrues."[21] "A cause of action accrues when the last element constituting the cause of action occurs."[22] Critically,

> the last element of a cause of action [derived from
> an obligation founded upon a written
> instrument]…with no specific maturity date

---

[19] (ECF 1, ¶8)

[20] Fla. Stat. §95.11(2)(b)(emphasis supplied)

[21] Fla. Stat. §95.031.

[22] Fla. Stat. §95.031(1)

PDF created with pdfFactory trial version www.pdffactory.com

> specified…and the last element constituting a cause
> of action against any endorser, guarantor, or other
> person secondarily liable on any such obligation or
> liability…**is the first written demand for
> payment.**[23]

In light of the foregoing, the Debtor's ability to sue Related on the "Delinquent Account

Receivable Invoices" expired well before the Petition Date.

To the extent payment was due the Debtor from Related–at any point–on the alleged

"Delinquent Account Receivable Invoices," the statute of limitations began to run from the dates

of those invoices.[24] As pled, the very latest in time Invoice is dated October 24, 2003.[25]

Therefore, the Debtor's cause of action on that latest-in-time Invoice expired October 24, 2008–a

year and seven months before the Petition Date.

For this reason, Count I with respect to the Invoices must be dismissed with prejudice.

### b. <u>Count II for Money Lent  and Count III for Unjust Enrichment</u>

Like Count I, Counts II and III are also time-barred as they concern the Invoices. In

Florida, a plaintiff has four years to bring a cause of action for "money lent"[26] and for "unjust

enrichment."[27] As discussed above, to the extent payment was due the Debtor from Related, the

---

[23] Id. (emphasis supplied)

[24] *See* Fla. Stat. § 95.031)(1)

[25] *See* ECF 1, Exhibit "A;" *see also Man, supra*, 2007 WL 2377082 at *2)("When a copy of a written instrument is made as an exhibit to a complaint, it becomes part of the complaint for all purposes.")(citing Fed.R.Civ. P. 10(c))

[26] 21 Fla. Prac., Elements of an Action § 33:2 (2011-2012 ed.), McGinley (2011-2012 ed.)(citing Fla. Stat. § 95.11(3))

[27] *Merle Wood & Associates, Inc. v. Trinity Yachts, LLC*, 2012 WL 830527 *12 (S.D. Fla. March 9, 2012)(citing Fla. Stat. § 95.11(3)(k); *Swafford v. Schweitzer*, 906 So.2d 1194, 1195 (Fla. 4th DCA 2005)(noting that the statute of limitations for an unjust enrichment claim is four years under § 95.11(3)(k))

PDF created with pdfFactory trial version www.pdffactory.com

basis of which was the alleged "Delinquent Account Receivable Invoices," the statute of limitations began to run from the dates of those invoices.[28] Any right the Debtor had in bringing either Counts II or III on the Invoices expired October 24, 2007–over two and a half years before the Petition Date.[29] Therefore, with respect to the Invoices, Counts II and III must also be dismissed with prejudice.

## C. FAILURE TO STATE A CLAIM FOR TURNOVER.

"The mere characterization of an action as one for turnover does not mean that it is a "turnover action" as contemplated by 28 U.S.C. § 157."[30] In this circuit

> [t]urnover proceedings are not to be used to liquidate disputed contract claims. Clearly, Congress envisioned the turnover provision of § 542 of the Code…to apply to tangible property and money due to the debtor **without dispute** which are fully matured and payable on demand. Congress intended to ease reorganization by allowing the debtor to obtain funds immediately necessary for survival-**not all funds, only those not in dispute**.[31]

Indeed, "[a]n action is properly characterized as one for turnover where the trustee or debtor in possession is seeking to obtain property of the debtor, **not property owed to the debtor**.[32]

---

[28] *See* Fla. Stat. § 95.031)(1)

[29] *See* this motion, *supra*, § II(B)(1)(a)

[30] *Ven-Mar of Indian River, Inc. v. Hancock (In re Ven-Mar Intern., Inc.)*, 166 B.R. 191, 192 (Bankr. S.D. Fla. March 29, 1994)(citation omitted)

[31] *Charter Crude Oil Co. v. Exxon Co., U.S.A. (In re Charter Co.),* 913 F.2d 1575, 1579 (11th Cir. 1990)(citations omitted)

[32] *Ven-Mar,* 166 B.R. at 193; *Whitaker v. National City Bank of Columbus (In re Olympia Holding Corp.),* 221 B.R. 995, 998 (Bankr. M.D. Fla. June 22, 1998)(same)

PDF created with pdfFactory trial version www.pdffactory.com

Here, the Trustee failed to identify property in Related's possession that is clearly property of the estate. As discussed above, it is clear that Count I is an action for damages on allegedly "Delinquent Account Receivable Invoices,"[33] not an action for turnover of estate property.[34] Because it is plain from the Complaint and the exhibit attached thereto that the money being sought from Related is not property *of* the estate but may be property owed to the estate, this action cannot be characterized as a "turnover" proceeding.[35] Further, because amendment would be futile, Count I should be dismissed with prejudice.

### D.  FAILURE TO STATE A CLAIM FOR MONEY LENT.

Count II for "money lent" also flatly fails to state a cause of action and should be dismissed with prejudice. The Southern District of Florida has stated that

> [a]n action for money lent is an action at law which lies whenever there has been a **payment of money** from the plaintiff to the defendant **as a loan**…In order to state a claim for money lent, a **plaintiff must allege**: (1) **money was delivered** to the defendant, (2) the money was **intended as a loan**, and (3) the loan has not been repaid.[36]

---

[33] (ECF 1, ¶8)

[34] Id.

[35] *Ven-Mar,* 166 B.R. at 193.

[36] *Paladin Shipping Co. Ltd. v. Star Capital Fund, LLC*, 2010 WL 3419397 *2 (S.D. Fla. Aug. 27, 2010)(emphasis supplied)(citing 42 C.J.S. IMPLIED CONTRACTS § 2 (2010); 66 Am.Jur.2d RESTITUTION AND IMPLIED CONTRACTS § 171 (2010)(additional internal citations omitted)

PDF created with pdfFactory trial version www.pdffactory.com

"[I]t is axiomatic that to recover money lent, a plaintiff must allege the existence of a loan to the defendant."[37]

The allegations of the Complaint, even when read in the light most favorable to the Trustee, do not establish any of the three elements required to state a claim for "money lent." First, the Trustee alleges that the Debtor provided Related engineering services, not that Debtor lent Related money.[38] Second, the Trustee does not allege that the services provided Related were intended as a loan.[39] Third, the Trustee did not, and cannot, allege that Related did not repay a loan that never existed. Again, because amendment would be futile, this cause should be dismissed with prejudice.

### E. FAILURE TO STATE A CLAIM FOR UNJUST ENRICHMENT.

Count III should be dismissed because the Trustee fails to properly plead his claim for "unjust enrichment." The Southern District of Florida has explicitly stated that

> in Florida, unjust enrichment is an equitable remedy and is not available where an adequate legal remedy exists[40]…To state a claim for unjust enrichment, plaintiffs **must make this allegation clear in the complaint**.[41]

---

[37] Id. at fn 2 (citing *Pick v. Adams,* 98 Fla. 140, 123 So. 547, 549 (Fla. 1929)("The action…must rest upon some express or implied promise of the defendant to pay the debt alleged to be due...")

[38] *See* ECF 1, ¶¶ 22-25.

[39] Id., *passim*.

[40] *Martinez v. Weyerhaeuser Mortg. Co.*, 959 F.Supp. 1511, 1518 (S.D. Fla. Aug. 30, 1996)(internal citations omitted)

[41] Id.(emphasis supplied)(citing *Gary v. D. Agustini & Asociados, S.A.,* 865 F.Supp. 818 (S.D. Fla. October 7, 1994))

11

PDF created with pdfFactory trial version www.pdffactory.com

Patently absent from the Count III is the allegation that the Trustee has no adequate remedy at law.[42] Count III should therefore be dismissed for failure to state a claim.

### III. CONCLUSION

Wherefore, Defendant Zyschovich, Inc. respectfully requests that this Honorable Court:

a. dismiss this lawsuit with prejudice with respect to the identified Invoices;

b. dismiss Counts I and II with prejudice for failure to state a claim upon which relief may be granted;

c. dismiss Count III with for failure to state a claim upon which relief may be granted; and

d. grant any such further relief that this Honorable Court deems just, fair and proper.

*[Certificate of Conference and Certificate of Service on Following Page]*

---

[42] *See* ECF 1, ¶¶ 7-8.

PDF created with pdfFactory trial version www.pdffactory.com

**CERTIFICATE OF CONFERENCE**

I HEREBY CERTIFY that prior to the filing of this motion, I attempted to confer with the Trustee's attorney to resolve the issues raised in this motion, but was unable to do so. On June 7, 2012, the undersigned both left a message for counsel at his law firm and e-mailed counsel at his e-mail address. Also, on June 12, 2012, the undersigned faxed and e-mailed counsel a letter requesting conference. However, the Trustee's counsel did not respond to the undersigned's attempts to conference.

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court of the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1 (A).

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 15th day of June, 2012, I electronically filed the foregoing with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day by transmission of Notice of Electronic Filing generated by CM/ECF on all counsel of record or pro se parties who are authorized to receive electronically Notices of Electronic Filing in this adversary proceeding and by first class mail, postage pre-paid, on the parties listed below as received Notice in said manner.

Respectfully Submitted,

DANIELS KASHTAN DOWNS
ROBERTSON & MCGIRNEY
*Counsel for Defendant Zyschovich, Inc.*
3300 Ponce de Leon Boulevard
Coral Gables, Florida 33134
Telephone:    (305) 448-7988
Facsimile:    (305) 448-7978

By:  s/Michael J. Shuman
     Michael J. Shuman, Esquire
     FBN.: 0017053

PDF created with pdfFactory trial version www.pdffactory.com